UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM DIVISION

CASE NO. 23-81157-CIV-CANNON/McCabe

**ESSIE MAE WILLIAMS**
*Personal Representative of*
*Cedric Lavon Williams' Estate*,

    Plaintiff,
v.

**THE GEO GROUP, INC.**,

    Defendant.
_____/

**ORDER ACCEPTING MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION [ECF No. 39]**

**THIS CAUSE** comes before the Court upon Magistrate Judge McCabe's Report and Recommendation on Defendant's Motion to Dismiss Plaintiff's Complaint (the "Report") [ECF No. 39]. The Report recommends that Defendant's Motion to Dismiss [ECF No. 25] be granted [ECF No. 39]. Objections to the Report were due on January 26, 2024 [ECF No. 39 p. 11]. No party has filed objections, and the time to do so has expired [ECF No. 39 p. 11].

To challenge the findings and recommendations of a magistrate judge, a party must file specific written objections identifying the portions of the proposed findings and recommendation to which objection is made. *See* Fed. R. Civ. P. 72(b)(3); *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989); *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). A district court reviews de novo those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1). To the extent a party fails to object to parts of the magistrate judge's report, the Court may accept the recommendation so long as there is no clear error on the face of the

record. *Macort*, 208 F. App'x at 784. Legal conclusions are reviewed de novo, even in the absence of an objection. *See LeCroy v. McNeil*, 397 F. App'x 554, 556 (11th Cir. 2010); *Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994).

Following review, the Court finds the Report to be well reasoned and correct. For the reasons set forth in the Report [ECF No. 39 pp. 3–10], it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The Report and Recommendation [ECF No. 39] is **ACCEPTED**.

2. Defendant's Motion to Dismiss [ECF No. 25] is **GRANTED** in accordance with this Order.[1]

3. Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** with leave to amend.

4. **Any amended complaint must be filed on or before February 19, 2024**, and must accord with the reasoning in the Report. If filed, the amended complaint shall be the sole, operative pleading considered in this case, meaning the Court will consider only the claims presented in the amended complaint.

5. Any amended complaint must clearly set forth the allegations supporting each claim for relief; separate each cause of action or claim for relief into a different count; and clearly and specifically identify which defendant is responsible for which acts or omissions. In sum, the complaint must give each specific defendant adequate notice of each claim against them and the grounds upon which each claim rests. *See*

---

[1] Defendant's request for a dismissal with prejudice [ECF No. 25 p. 15] is denied for the reasons stated in the Report [ECF No. 39 p. 10–11].

CASE NO. 23-81157-CIV-CANNON/McCabe

*Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321 (11th Cir. 2015); Fed. R. Civ. P. 8, 10.

6. Any Amended Complaint that fails to comply with this Order will be dismissed without further notice.

**DONE AND ORDERED** in Chambers at Fort Pierce, Florida, this 30th day of January 2024.

**AILEEN M. CANNON**  
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record