UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 23-81157-CIV-DAMIAN/McCabe

**ESSIE MAE WILLIAMS**,
as Personal Representative of the
Estate of Cedric Levon Williams,

      Plaintiff,

vs.

**THE GEO GROUP, INC.**,

      Defendant.
_____/

**ORDER ADOPTING REPORTS AND RECOMMENDATIONS [ECF NO. 96 & 97],
DENYING MOTION FOR SANCTIONS [ECF NO. 91],
AND GRANTING MOTION TO DISMISS [ECF NO. 85]**

**THIS CAUSE** came before the Court on Magistrate Judge Ryon M. McCabe's Report and Recommendations [ECF No. 96 (the "Sanctions Report")], entered on September 9, 2024, as to Defendant's Motion for Sanctions Pursuant to 28 U.S.C. § 1927, Federal Rule Of Civil Procedure 11, and The Court's Inherent Powers [ECF No. 91 (the "Sanctions Motion")], itself filed on August 16, 2024; and Magistrate Judge McCabe's Report and Recommendations [ECF No. 97 (the "MTD Report")], entered on September 10, 2024, as to Defendant's Motion to Dismiss Second Amended Complaint [ECF No. 85 (the "Motion to Dismiss")], itself filed on July 25, 2024. The Motion to Dismiss was referred to Magistrate Judge McCabe pursuant to the Court's July 31, 2024 Order [ECF No. 86], and the Sanctions Motion was referred to Magistrate Judge McCabe pursuant to the Court's August 23, 2024 Order [ECF No. 93].

THIS COURT has considered the Reports and the pertinent portions of the record and is otherwise fully advised.

Judge McCabe issued the Sanctions Report on September 9, 2024, recommending that the Sanctions Motion be denied without prejudice. *See* Sanctions Report. Judge McCabe found that the Sanctions Motion was premature because, as of the time of the issuance of the Sanctions Report, neither party had prevailed. *See generally id.* The Report also advised the Parties that they had fourteen days from receipt of a copy of the Report to object to it. *See id.* at 2.

Judge McCabe issued the MTD Report on September 10, 2024, recommending that the Motion to Dismiss be granted and that the Second Amended Complaint be dismissed with prejudice. *See* MTD Report. Judge McCabe found that the Second Amended Complaint fails to set forth facts to state a plausible Eighth Amendment violation and fails to state allegations sufficient to demonstrate *Monell* liability.[1] *See id.* Given that Plaintiff was afforded leave to amend twice, Judge McCabe recommended the Second Amended Complaint be dismissed with prejudice. *See id.* at 10. The Report also advised the Parties that they had fourteen days from receipt of a copy of the Report to object to it. *See id*.

Neither party filed objections to the Sanctions Report or the MTD Report (collectively, the "Reports"), and, instead, Plaintiff filed Notices indicating non-objection to the Reports. *See* ECF Nos. 98 and 101.

When a magistrate judge's "disposition" has properly been objected to, district courts must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de*

---

[1] *See Monell v. Department of Social Services*, 436 U.S. 658 (1978).

*novo* review where objections have been properly filed, not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

The undersigned has reviewed the Reports, the record, and the applicable law to assure herself that no clear error appears on the face of the record. In light of that review, the undersigned agrees with the analysis and recommendations stated in Judge McCabe's Reports and agrees with Judge McCabe's conclusions that the Complaint should be dismissed with prejudice and that the Sanctions Motion should be denied without prejudice. Accordingly, it is

**ORDERED AND ADJUDGED** that the Sanctions Report **[ECF No. 63]** and the MTD Report **[ECF No. 97]** are **AFFIRMED AND ADOPTED** as follows:

1. The Sanctions Motion **[ECF No. 91]** is **DENIED WITHOUT PREJUDICE**.

2. The Motion to Dismiss **[ECF No. 85]** is **GRANTED**.

3. The Estate's Second Amended Complaint **[ECF No. 41]** is **DISMISSED WITH PREJUDICE**. This Court retains jurisdiction to address any fee or cost motions.

4. The Clerk of Court is directed to **CLOSE** the case.

**DONE AND ORDERED** in the Southern District of Florida, this 2nd day of October, 2024.

_____
**MELISSA DAMIAN**
**UNITED STATES DISTRICT JUDGE**

cc: Magistrate Judge Ryon M. McCabe
 counsel of record